UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAP ELECTRICAL CONTRACTING SERVICE,
INC.,

                 Plaintiff,

-against-

E.E. CRUZ & CO., INC.,

                 Defendant.
------------------------------------------------------------X

Civil Case No.: 07-CV-7770

**VERIFIED ANSWER**

Defendant E.E. Cruz & Company Inc. ("E.E. Cruz") by its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, as and for their Answer to the plaintiff's Complaint AND Demand for Trial by Jury herein, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Admits the allegations contained in paragraph "2" of the Complaint.

3. Neither admits nor denies the allegations contained in paragraph "3" of the Complaint and respectfully refer all questions of law to the Court for its determination.

4. Denies the allegations contained in paragraph "4" of the Complaint and respectfully refers all questions of law to the Court for its determination.

## NATURE OF THE COMPLAINT

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint except admit that E.E. Cruz entered into an agreement with City of New York to perform certain work at premises located at 131-02 Fowler

Avenue, Queens, New York ("Project Site"). E.E. Cruz refers the Court to the instrument itself for the terms and conditions contained therein.

7. Denies the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Neither admits nor denies the allegations contained in paragraph "10" of the Complaint and respectfully refers the Court to the instrument itself for the terms and conditions contained therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint except admits that E.E. Cruz entered into an agreement with City of New York to perform certain work at premises located at 131-02 Fowler Avenue, Queens, New York ("Project Site"). Answering further E.E. Cruz refers the Court to the instrument itself for the terms and conditions contained therein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint except denies that E.E. Cruz engaged in any negligent or wrongful conduct.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

33. Denies the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint.

35. Denies the allegations contained in paragraph "35" of the Complaint.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed because it was solely caused by the conduct of someone other than this answering defendant.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

That the actions complained of constituted an act of God, not under the control of E.E. Cruz.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

Any and all risks, hazards, defects or dangers allowed were open, obvious and apparent, natural and inherent and known, or should have been known to the plaintiff herein, and the plaintiff voluntarily assumed all such risks, hazards, defects and dangers.

4822-8341-7601.1

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because any acts or omissions by defendant E.E. Cruz were not the proximate cause of plaintiff's injuries.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

That the actions complained of were caused in whole in part by parties other than this answering defendant.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because plaintiff failed to join a necessary party.

**WHEREFORE**, defendant demands judgment as follows:

a) The causes of action of the plaintiff be dismissed;

b) Judgment be awarded based upon the affirmative defenses;

c) Any recovery awarded to plaintiff be diminished in proportion to which plaintiff own culpable conduct contributed to its claimed damages;

d) Such other relief be awarded as the Court deems just and proper.

**WHEREFORE**, the answering Defendant E.E. CRUZ & CO., INC., demands judgment dismissing the plaintiff's Complaint and awarding Defendants judgment against the Plaintiff, together with costs, disbursements and counsel fees incurred in the defense of this action and such

4822-8341-7601.1

other and further and different relief as this Court may deem just and proper.

Dated: New York, New York
October 5, 2007

> Yours, etc.
> **LEWIS BRISBOIS BISGAARD & SMITH LLP**
>
> By: _____
> Georgia S. Alikakos, Esq. (GSA-7493)
> *Attorneys for Defendants*
> E.E. CRUZ & CO., INC.,
> 199 Water Street – Suite 2500
> New York, New York 10038
> (212) 232-1300

To:   Thomas G. Aljian, Esq.
      PODVEY, MEANOR, CATENACCI, HILDNER
      COCOZIELLO & CHATTMAN
      One Riverfront Plaza
      Newark, New Jersey 07102
      (973) 623-1000

4822-8341-7601.1

## ATTORNEY'S VERIFICATION

**GEORGIA S. ALIKAKOS**, being duly sworn, deposes and says:

I am associated with the law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP, attorneys for defendant, *E. E. CRUZ & COMPANY, INC*, with an office located at 199 Water Street, 25th Floor, New York, New York 10038. I have read the foregoing Verified Answer to Verified Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason this verification is made by me and not by the above-named defendants is because they do not have a place of business in the county in which their attorneys maintain an office. The source of my information and the ground of my belief are communications and/or a review of the documents contained in the file.

Dated: New York, New York
October 2, 2007

/Georgia S. Alikakos (GSA-7493)