RECEIVED
DEC 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAP ELECTRICAL CONTRACTING SERVICE, INC.,

                              Plaintiff,

              -against-

E. E. CRUZ & CO., INC.,

                              Defendant.

Civil Case No.: 07 CV 7770 (GD)

**ANSWER TO THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND SECOND THIRD-PARTY COMPLAINT**

------------------------------------------------------------X

E. E. CRUZ & CO., INC.,

                            Third-Party Plaintiff,

              -against-

MALCOLM PIRNIE, INC. and URS CORPORATION,

                            Third-Party Defendants.

------------------------------------------------------------X

URS CORPORATION -- NEW YORK,

               Third Party Defendant/Second Third-Party Plaintiff,

              -against-

WINSTON SMITH, P.E., P.C.,

                            Second Third-Party Defendant.

------------------------------------------------------------X

       Third-Party Defendant/Second Third-Party Plaintiff URS Corporation – New York (i/s/h/a URS Corporation) by its attorneys, Winston & Strawn LLP, as and for its Answer to the Third-Party Complaint, upon information and belief alleges as follows:

1. URS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2. URS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3. There is no paragraph 3 of the Third-Party Complaint to which URS can respond.

4. URS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5. URS admits it is a domestic corporation duly organized and existing under the laws of the State of New York and denies each and every other allegation contained in paragraph 5 of the Third-Party Complaint.

6. URS admits it is a domestic corporation duly organized and existing under the laws of the State of New York and denies each and every other allegation contained in paragraph 6 of the Third-Party Complaint.

7. URS admits it is a domestic corporation duly organized and existing under the laws of the State of New York and denies each and every other allegation contained in paragraph 7 of the Third-Party Complaint.

8. The allegations contained in paragraph 8 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

9. URS admits a flooding incident occurred on or about September 8, 2004 at the Flushing Bay Combined Sewer Overflow Abatement Facility in Queens, New York and denies knowledge or information sufficient to form a belief as to the truth of each and every other allegation contained in paragraph 9 of the Third-Party Complaint.

10. URS admits that it developed certain plans and specifications pursuant to a contract it entered into with the City of New York Department of Environmental Protection ("DEP") for the final design of the Flushing Bay Combined Sewer Overflow Abatement Facility dated November 3, 1993 and begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

11. URS denies the allegations contained in paragraph 11 of the Third-Party Complaint.

12. URS admits it provided certain project administration and resident engineering inspection services pursuant to a contract it entered into with Third-Party Defendant Malcolm Pirnie, Inc. ("MPI") dated May 1, 2001, and begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial. URS denies each and every other allegation contained in paragraph 12 of the Third-Party Complaint.

13. URS denies the allegations contained in paragraph 13 of the Third-Party Complaint.

14. URS admits the allegations contained in paragraph 14 of the Third-Party Complaint.

15. URS admits the allegations contained in paragraph 15 of the Third-Party Complaint.

16. The allegations contained in paragraph 16 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

17. The allegations contained in paragraph 17 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

## AS TO THE FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT URS CORPORATION

18. In response to paragraph 18 of the Third-Party Complaint, URS incorporates by reference its responses to the allegations contained in paragraph 1 through 17 of the Third-Party Complaint as if set forth fully herein.

19. The allegations contained in paragraph 19 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

20. The allegations contained in paragraph 20 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

21. The allegations contained in paragraph 21 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations.

## AS TO THE SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MALCOLM PIRNIE

22. In response to paragraph 22 of the Third-Party Complaint, URS incorporates by reference its responses to the allegations contained in paragraph 1 through 21 of the Third-Party Complaint as if set forth fully herein.

23. The allegations contained in paragraph 23 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response

is required. To the extent a response is required, URS denies the allegations to the extent they apply to URS.

24. The allegations contained in paragraph 24 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations to the extent they apply to URS.

25. The allegations contained in paragraph 25 of the Third-Party Complaint contain conclusions of law and/or Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, URS denies the allegations to the extent they apply to URS.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The Third-Party Complaint fails to state a cause of action for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. The Third-Party Complaint fails to state a cause of action against URS because the injuries alleged were not foreseeable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. The Third-Party Complaint fails to state a cause of action against URS because the work performed by URS as alleged in the Third-Party Complaint conformed to all applicable statutes, government regulations and directives, industry standards, and contractual requirements and such conduct comported with the appropriate standard of care.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. URS did not owe a duty to Third-Party Plaintiff as alleged in the Third-Party Complaint and its claims against URS are barred by the economic loss doctrine.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

30. URS performed its duties under its contracts with DEP and MPI with the care, skill, and diligence required of engineers and construction managers under similar circumstances in the locality in which the work was performed.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

31. The Third-Party Complaint fails to state a cause of action against URS by implying URS was to insure or warrant the quality of the work of others in the absence of any contractual privity or common law duty.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. The claims against URS in the Third-Party Complaint are barred by the applicable statute of limitations, statute of repose and/or doctrine of laches.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

33. The injuries alleged by Third-Party Plaintiff were the result of an independent supervening and/or intervening cause, and any act or omission of URS was not the proximate cause of the injuries alleged.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Third-Party Plaintiff's recovery, if any, against URS is diminished by the doctrine of comparative negligence as Plaintiff's own acts or omissions constituted negligence, carelessness or other culpable conduct which contributed to the alleged damage.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. Third-Party Plaintiff's injuries, if any, were caused by the acts and omissions of intervening third parties over whom URS had no supervision or control or right of supervision or control.

NY 1152294.1

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

36. Third-Party Plaintiff's alleged injuries were caused, if at all, by mechanical defects that did not result from any act or omission of URS.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. The damages alleged in the Third-Party Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. URS will rely upon any and all further defenses that become available or appear during disclosure in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL DEFENDANTS

39. URS repeats, reasserts, and realleges each and every allegation contained in paragraphs 1 to 38 of this Answer as if fully set forth herein at length.

40. URS denies any liability whatsoever. Nevertheless, it asserts that any injuries and/or damages sustained by Plaintiff or Third-Party Plaintiff as a result of the alleged incident described in the Third-Party Complaint were sustained in whole or in part by reason of the negligence, carelessness, culpable conduct, or other breach of duty on the part of other Defendants and/or Third-Party Defendants now existing or hereafter joined.

41. If it is determined that URS is liable in any degree for Plaintiff's or Third-Party Plaintiff's injuries and/or damages whether because of negligence, by operation of law, or any other reason, URS is entitled to have said liability apportioned between itself and all other Defendants and/or Third-Party Defendants now existing or hereafter joined by way of contribution.

42. By reason of the foregoing, URS demands judgment awarding it contribution against all other Defendants and/or Third-Party Defendants for damages and costs.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST ALL DEFENDANTS

43. URS repeats, reasserts, and realleges each and every allegation contained in paragraphs 1 to 42 of this Answer as if fully set forth herein at length.

44. URS denies any liability whatsoever. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff or Third-Party Plaintiff were the proximate result of the negligence, professional malpractice, breach of contract, breach of warranty, strict liability and/or other liability-producing conduct of other Defendants and/or Third-Party Defendants whose conduct was primary and active, and if URS is found liable with respect to Plaintiff's alleged injuries and damages, such liability is solely secondary, imputed and vicarious, and the other Defendants and/or Third-Party Defendants are found liable over in indemnity.

45. By reason of the foregoing, URS demands judgment awarding it indemnification against all other Defendants and/or Third-Party Defendants for damages and costs.

## AS AND FOR A SECOND THIRD-PARTY COMPLAINT

Third-Party Defendant/Second Third-Party Plaintiff URS, by its attorneys, Winston & Strawn LLP, as and for its Second Third-Party Complaint against Second Third-Party Defendant Winston Smith, P.E., P.C., ("Winston Smith") alleges as follows:

### JURSIDICTION AND VENUE

46. Upon information and belief, Plaintiff TAP Electrical Contracting Service, Inc. ("TAP") is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

47. Upon information and belief, Defendant E.E. Cruz & Company, Inc. ("Cruz") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of New York.

48. Subject matter jurisdiction of the underlying action exists under 28 U.S.C. § 1332 based on diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

49. Subject matter jurisdiction of the Third-Party action exists under 28 U.S.C. § 1367 because the Third-Party Complaint involves the joinder of an additional party concerning claims that are so related to the claims in the underlying action that they form part of the same case or controversy under Article III of the United States Constitution.

50. Subject matter jurisdiction of the Second Third-Party action exists under 28 U.S.C. § 1367 because the Second Third-Party Complaint involves the joinder of an additional party concerning claims that are so related to the claims in the underlying action that they form part of the same case or controversy under Article III of the United States Constitution.

51. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(a).

## NATURE OF THE SECOND THIRD-PARTY COMPLAINT

52. At all times hereinafter mentioned, URS was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a primary place of business at One Penn Plaza, Suite 610, New York, New York 10119-0698.

53. Upon information and belief, at all times hereinafter mentioned, Winston Smith was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York, with a primary place of business at 292 5th Avenue New York, New York 10001-4513.

54. Upon information and belief, on or about May 24, 2000, the DEP and Third-Party Defendant Malcolm Pirnie, Inc. ("MPI") entered into an agreement (the "DEP/MPI Contract") pursuant to which MPI agreed to provide certain construction management services in connection with the project generally described as "Construction of the Flushing Bay CSO Retention Facility" (the "Project"). URS begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

55. URS and Winston Smith were designated as subconsultants to MPI in the DEP/MPI Contract.

56. On or about May 1, 2001, MPI and URS entered into an agreement pursuant to which URS agreed to provide certain project administration and resident engineering inspection services in connection with the Project (the "MPI/URS Contract"). URS begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

57. Upon information and belief, at some time prior to September 8, 2004, MPI and Winston Smith entered into an agreement pursuant to which Winston Smith agreed to provide certain project administration and resident engineering inspection services in connection with the Project. URS begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

58. Upon information and belief, at some time prior to September 8, 2004, the DEP and Cruz entered into an agreement pursuant to which Cruz agreed to perform certain general construction work in connection with the Project. URS begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

59. Upon information and belief, at some time prior to September 8, 2004, the DEP and TAP entered into an agreement pursuant to which TAP agreed to perform certain electrical

work in connection with the Project. URS begs leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

60. Upon information and belief, in or about May 2003, Cruz cut certain holes in a sewer line on the Project and attempted to seal said holes by covering them with temporary plywood bulkheads.

61. Upon information and belief, Winston Smith inspected the work of Cruz on the Project on virtually a daily basis from at least January through the end of May 2003.

62. Upon information and belief, Winston Smith inspected the work of Cruz before, during, and after the time Cruz installed the plywood bulkheads over certain holes cut in the sewer line.

63. Upon information and belief, Winston Smith did not report to any person or entity that either the holes Cruz cut in the sewer line or the plywood bulkheads did not conform to the construction contract documents.

64. Upon information and belief, Winston Smith did not report to any person or entity that either the holes Cruz cut in the sewer line or the plywood bulkheads constituted or created a hazard to the work.

65. On or about September 8, 2004, a flooding incident was caused by contaminated water flowing uncontrolled through certain holes cut in the sewer line by Cruz on the Project (the "Flooding Incident").

66. On or about August 31, 2007, TAP commenced an action in this Court against Cruz alleging, among other things, that it was damaged by the Flooding Incident which resulted from the alleged negligence of Cruz. A true and correct copy of TAP's Complaint is attached hereto as Exhibit "A."

NY:1152294.1

67. On or about November 9, 2007, Cruz filed a Third-Party Complaint against MPI and URS for contribution and indemnity in the underlying action. A true and correct copy of Cruz's Third-Party Complaint is attached hereto as Exhibit "B."

## AS AND FOR A FIRST CAUSE OF ACTION

68. URS incorporates herein by reference so much of the other portions of this Second Third-Party Complaint as is not inconsistent with this cause of action and in addition alleges:

69. URS denies any liability whatsoever. Nevertheless, should it be determined at the time of trial that some or all of the allegations of the Complaint or the Third-Party Complaint are true such that URS is held liable, then URS seeks contribution from Second Third-Party Defendant Winston Smith, and, in the alternative, contends that in the event that proofs developed in disclosure or at trial establish a basis for liability of Second Third-Party Defendant Winston Smith or such Second Third-Party Defendant Winston Smith enters into a settlement agreement, in whole or in part, with any party, then URS asserts a claim for credit reducing the amount of any judgment against URS to reflect the degree of fault allocated to the settling Second Third-Party Defendant Winston Smith.

70. By reason for the foregoing, URS demands judgment awarding it contribution against Second Third-Party Defendant Winston Smith for damages and costs.

## AS AND FOR A SECOND CAUSE OF ACTION

71. URS incorporates herein by reference so much of the other portions of this Second Third-Party Complaint as is not inconsistent with this cause of action and in addition alleges:

NY:1152294.1

72. URS denies any liability whatsoever. Nevertheless, it asserts that, as between URS and Winston Smith, any and all injuries and damages alleged by TAP or Cruz were the proximate result of the negligence, professional malpractice, breach of contract, breach of warranty, strict liability and/or other liability-producing conduct of Second Third-Party Defendant Winston Smith whose conduct was primary and active, and if URS is found liable with respect to the alleged injuries and damages of TAP and/or Cruz, such liability is solely secondary, imputed and vicarious, and Second Third-Party Defendant Winston Smith is liable to URS over in indemnity.

73. By reason of the foregoing, URS demands judgment awarding it indemnification against Second Third-Party Defendant Winston Smith for damages and costs.

WHEREFORE, URS demands judgment as follows:
A. Dismissal of the Third-Party Complaint in its entirety;
B. On the First Cause of Action, full contribution for damages and costs;
C. On the Second Cause of Action, full indemnification for damages and costs; and
D. For such other relief which is just and proper.

Dated: New York, New York
       December 17, 2007

Respectfully submitted,

WINSTON & STRAWN LLP

By: _____
Jeffrey P. Rosenstein (JR 7611)
Kenneth D. O'Reilly (KO 0172)
200 Park Avenue
New York, New York 10166
212-294-6786

Attorneys for Third-Party Defendant
URS Corporation -- New York

NY:1152294.1

(f/k/a URS Consultants, Inc. and URS Corporation Group Consultants)

To: **WINSTON SMITH, P.E., P.C.**
292 5th Avenue
New York, New York 10001-4513
*Third-Party Defendant*

**PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN**
*Attorneys for Plaintiff*
One Riverfront Plaza
Newark, New Jersey 07102

**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**
*Attorneys for Defendant/Third Party Plaintiff E. E. Cruz & Company, Inc.*
199 Water Street, 25th Floor
New York, New York 10038

**MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**
*Attorneys for Third-Party Defendant Malcolm Pirnie, Inc.*
3 Barker Avenue, 6th Floor
White Plains, New York 10601

NY:1152294.1