# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __New York__

Tap Electrical Contracting Serolve, Inc.

V.

E.E. Cruz & Co., Inc.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**07 CIV 7770**

TO: (Name and address of Defendant)

E.E. Cruz & Co., Inc
943 Holmdel Road
Cruz Plaza
Holmdel, NJ 07733

ATTN: Thomas Johnson, Esq., General Counsel

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Thomas Aljian
Podvey Meanor
One Riverfront Plaza
Newark, NJ 07102
(973) 623-1000
(973) 623-9131 Fax

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE  AUG 31 2007

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Index No. 05CV10123

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

TAP ELECTRICAL CONTRACTING SERVICE, INC.,

        Plaintiff,

-against-

E.E. CRUZ & CO., INC,

        Defendant.

---

E.E. CRUZ & CO., INC,

        Third-Party Plaintiff,

-against-

URS CORPORATION (f/k/a URS Consultants, Inc and/or URS Corporation Group Consultants) and MALCOLM PIRNIE, INC.,

        Third-Party Defendants.

---

## THIRD-PARTY SUMMONS IN A CIVIL ACTION and THIRD-PARTY COMPLAINT

---

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorney(s) for
Defendant E.E. CRUZ & CO, INC.

Office Address & Tel. No.: 199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: November 9, 2007

Signature _____

Print Signer's Name ____Georgia S. Alikakos, Esq.____

**07 CIV 7770**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AUG 3 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| TAP ELECTRICAL CONTRACTING SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> E.E. CRUZ & CO., INC. <br><br> Defendant. | Civil Case No. <br><br> ECF Case <br><br> COMPLAINT & DEMAND FOR TRIAL BY JURY |

Plaintiff TAP Electrical Contracting Service, Inc. ("TAP"), for its Complaint against Defendant E.E. Cruz & Co, Inc. ("Cruz") states as follows:

### JURISDICTION AND VENUE

1. Plaintiff TAP is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

2. Defendant Cruz is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

3. Subject matter jurisdiction exists under 28 U.S.C. § 1332 based upon diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in the District of New York under 28 U.S.C. § 1391(a).

## NATURE OF THE COMPLAINT

5. This is an action by TAP to recover damages caused by the negligence of the Defendant during the course of a construction project owned by The City of New York ("NYC") in Flushing, New York.

6. Cruz was the successful prime civil contract bidder for the project, and TAP was the successful electrical contract bidder for the project.

7. During the course of the project, as a direct result of the negligence of the Defendant, millions of gallons of sewage flooded and damaged the site causing damage to TAP's equipment and uninstalled electrical components stored at the project site prior to the loss and electrical components installed at the project site by TAP prior to the loss. The flooding substantially delayed completion of the project and caused additional damages to TAP.

8. NYC is the owner of a project more specifically described as the Flushing Bay Combined Sewer Overflow Retention Facility (the "Project").

9. The Project is located at 131-02 Fowler Avenue, City of New York, County of Queens, State of New York (the "Project Site").

10. The Project called for the underground installation of fifteen (15) concrete sewage retention tanks, each over two hundred (200) feet long and each over five stories high (the "Facility").

11. TAP was the successful prime electrical contract bidder for the Project under contract no. CS4-4E issued by NYC.

12. TAP was to provide and install electrical systems and components for the Project.

2

13. Cruz was the successful prime civil contract bidder for the Project under contract no. CS4-4G issued by NYC and, under that contract, built most, if not all, of the Project structure.

14. Cruz contracted to perform further work including, *inter alia*, the installation and/or interface of certain Diversion Chambers for the Project.

15. The Diversion Chambers were installed to interface with the existing sewer system.

16. By the design of the Project, excess sewage would flow from the sewer system through to the Diversion Chambers and then into the Main Influent Channel, through the sluice gates at the Project Site and, finally, into the storage facility being constructed at the Project Site.

17. According to the construction plans, specifications and schedule for the Project, the Diversion Chambers were not supposed to interface and provide access to the sewer system until after the facility at the Project Site had been completed and was functional.

18. The facility at the Project Site was not completed and functional prior to or on September 8, 2004.

19. Prior to September 8, 2004, Defendant Cruz cut or otherwise created openings in the sewer that connected directly to the Diversion Chambers which in turn led to the Facility at the Project Site.

20. Defendant covered those openings with temporary plywood bulkheads.

21. On or about September 8, 2004, the sewer in question filled with millions of gallons of sewage as a result of a storm.

3

22. The millions of gallons of sewage that filled the sewer burst through the temporary plywood bulkheads installed by Defendant and gushed through the openings in the sewer.

23. The waters then flowed into the Diversion Chambers and then directly into the Facility at the Project Site.

24. As a result, the Facility at the Project Site was damaged by millions of gallons of sewage.

25. The failure of the bulkheads caused damage to TAP's equipment and uninstalled electrical components stored at the Project Site. In addition, the water caused damage to the electrical components installed at the Project Site by TAP prior to the loss.

26. Further, the flooding caused substantial delays for the completion of the entire project.

27. Defendant Cruz owed a duty to TAP to act with reasonable care in performing and supervising work at the Project Site.

28. On or before September 8, 2004, Cruz was negligent in that it failed to follow the construction plans, specifications and schedule for the Project.

29. Cruz negligently failed to follow the construction plans, specifications and schedule in creating the openings in the sewers.

30. On or before September 8, 2004, Cruz was negligent in that it failed to install proper coverings on the holes it had made in the combined sewers.

31. On or before September 8, 2004, Cruz was negligent in that it failed to follow generally acceptable engineering and construction standards when the openings were created in the combined sewers.

32. On or before September 8, 2004, Cruz was negligent in that it failed to follow the construction plans, specifications and schedule when it placed or allowed to be placed plywood bulkheads on the openings cut in the combined sewers.

33. On or before September 8, 2004, Cruz was negligent in that it failed to follow generally acceptable engineering and construction standards when it placed or allowed to be placed plywood bulkheads on the openings cut in the combined sewers.

34. On or before September 8, 2004, Cruz was negligent in that it failed to properly secure the openings it had created in the combined sewer.

35. It was foreseeable to Cruz that by breaching its duty of care TAP would be damaged.

36. As a direct and proximate cause of Cruz's negligence, TAP suffered damages.

37. TAP's damages include, *inter alia*, damage to TAP's electrical components installed at the Project Site prior to the loss on or about September 8, 2004 which were not covered by insurance; damage to uninstalled electrical components and equipment stored at the Project Site by TAP which were not covered by insurance; delays to project completion; additional field office overhead; additional home office overhead; additional financing costs; additional bonding costs; the reasonable value of additional work/changes caused by the loss in question; extended field costs; additional overhead and profit; labor and material escalation costs; loss of productivity; the cost of idle equipment; statutory interest; and, the inability to undertake other projects.

WHEREFORE, Plaintiff TAP Electrical Contracting Services, Inc. demands judgment against Defendant Cruz for damages, fees, costs, attorneys' fees, and such other and further relief as this Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to F.R.C.P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

PODVEY, MEANOR, CATENACCI, HILDNER
COCOZIELLO & CHATTMAN
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
Attorneys for Plaintiff

*/s/ Thomas G. Adjian, Jr. (TA6464)*

Dated: August 31, 2007

## CERTIFICATION PURSUANT TO LOCAL RULE 1.6

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding. A matter arising from the same circumstance was filed in this Court captioned: LIBERTY MUTUAL FIRE INSURANCE COMPANY *as subrogee of* TAP ELECTRICAL CONTRACTING SERVICE, INC., v. E.E. CRUZ & CO., INC., MALCOLM PIRNIE, INC., THE CITY OF NEW YORK, *and* THE CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION (05-CV-8396 (RJH)). That matter has since settled. An Order of Discontinuance was entered by the Court.

PODVEY, MEANOR, CATENACCI, HILDNER
COCOZIELLO & CHATTMAN
One Riverfront Plaza
Newark, New Jersey 07102
(973) 623-1000
Attorneys for Plaintiff

*/s/ Thomas G. Adjian, Jr. (TA6464)*

Dated: August 31, 2007
Document # 237800

6