**EXHIBIT B**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TAP ELECTRICAL CONTRACTING SERVICE,
INC.,

                Plaintiff,

-against-

E.E. CRUZ & CO., INC.,

                Defendant.

E.E. CRUZ & CO., INC.,

                Third-Party Plaintiff,

-against-

MALCOLM PIRNIE, INC., and
URS CORPORATION,

                Third-Party Defendants.
------------------------------------------------------X

Civil Case No.: 07-CV-7770 (GD)

**THIRD-PARTY**
**COMPLAINT**

Defendant/Third-Party Plaintiff, E.E. CRUZ & CO., INC., by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP., for its Third-Party Complaint, upon information and belief, alleges the following:

1. At all times hereinafter mentioned, Defendant/Third-Party Plaintiff, E.E. CRUZ & CO., INC., (hereinafter "E.E. Cruz"), was and continues to be a domestic corporation duly organized and existing under the laws of the State of New Jersey.

2. At all times hereinafter mentioned, third-party defendant MALCOLM PIRNIE, INC. (hereinafter referred to as "Malcolm Pirnie"), was and continues to be a domestic corporation duly organized under the laws of the State of New York.

4841-1010-6369.1

4. At all times hereinafter mentioned, third-party defendant Malcolm Pirnie is a corporation and/or business that regularly transacts business within the State of New York sufficient to grant the Courts of the State of New York jurisdiction.

5. At all times hereinafter mentioned third-party defendant URS Corporation (f/k/a URS Consultants, Inc. and/or URS Corporation Group Consultants ("URS Corporation") is a domestic corporation duly organized and existing under the laws of the State of New York.

6. At all times hereinafter mentioned third-party defendant URS Corporation is a foreign corporation doing business in the State of New York.

7. At all times hereinafter mentioned, third-party defendant URS Corporation is a corporation and/or business that regularly transacts business within the State of New York sufficient to grant the Courts of the State of New York jurisdiction.

8. That subject matter jurisdiction exists under 28 U.S.C. §1332 based on diversity of citizenship and the amount in controversy as per plaintiff's complaint exceeds $75,000. Venue is proper under 28 U.S.C. §1391(a).

9. This matter arises out of a flood which occurred on September 8, 2004, at 131-02 Fowler Avenue, Queens, New York. Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint filed by plaintiff TAP Electrical Contracting Service, Inc., in the above action alleging property damages and economic damages as the result of construction related activities.

10. That Third-Party Defendant URS Corporation, pursuant to its contract with the City of New York and/or Department of Environmental Protection designed the CSO facility located at the aforementioned premises.

11. That at all times, Third-Party Defendant URS Corporation was in charge of and responsible for the resident engineering and construction inspection services for the Project Site.

12. That URS also provided field inspectors, who reported to Malcolm Pirnie, to oversee worked performed at the CSO facility.

13. That the design of the facility amongst other things contributed/caused the facility to flood and resulted in property damage and loss of Plaintiff TAP Electrical Contracting Service, Inc.

14. That at all times, Third-Party Defendant Malcolm Pirnie was the construction manager of the Project Site responsible for the Project.

15. That in connection with its job as construction manager, Malcolm Pirnie monitored and/or oversaw the work of contractors, including E.E. Cruz.

16. That E.E. Cruz performed its work on the project site in a reasonable and non-negligent manner.

17. It is E.E. Cruz's contention that any recoverable damages allegedly sustained by plaintiff did not arise out of the negligence of E.E. Cruz and that if E.E. Cruz is found liable to plaintiff for said loss, then said loss arises out of the negligence of the third-party defendants Malcolm Pirnie and URS Corporation and that E.E. Cruz is entitled to contractual and common law indemnification and contribution from the Third-Party Defendants.

## AS AN FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT URS CORPORATION

18. E.E. Cruz repeats and reiterates each and every allegation contained in paragraphs "1" through "17" of the Third-Party Complaint as if fully set forth herein.

19. That if the plaintiff sustained damages in the manner and at the time and place alleged in the complaint through any carelessness, recklessness or negligence other than the plaintiff's own carelessness, recklessness or negligence, then such damages were caused or

4841-1010-6369.1

contributed to, in whole or in part, by the carelessness, recklessness, negligence or acts and/or omissions, and breach of duty of the third-party defendant, URS Corporation, and that should any judgment and/or verdict be rendered against E.E. Cruz, then E.E. Cruz will be damaged thereby and will be entitled to contribution and/or indemnity, both contractual and common law, from the third-party defendant for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

20. That by reason of the foregoing, the third-party defendant, URS Corporation, will be liable to the Defendant/Third-Party Plaintiff for the full amount of recovery herein by the plaintiff.

21. In the event that E.E. Cruz is held liable to the plaintiff in this action, then E.E. Cruz demands judgment against URS Corporation for contractual and common law indemnification and contribution for that amount as is attributed to the carelessness, recklessness, negligence or acts and/or omissions, and breach of duty of the third-party defendant, to Third-Party Plaintiff E.E. Cruz is entitled to common law indemnification from the Third-Party Defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MALCOLM PIRNIE

22. E.E. Cruz repeats and reiterates each and every allegation contained in paragraphs "1" through "20" of the Third-Party Complaint as if fully set forth herein.

23. That if the plaintiff sustained damages in the manner and at the time and place alleged in the complaint through any carelessness, recklessness or negligence other than the plaintiff's own carelessness, recklessness or negligence, then such damages were caused or contributed to, in whole or in part, by the carelessness, recklessness, negligence or acts and/or omissions, and breach of duty of the third-party defendant, Malcolm Pirnie, and that should any

judgment and/or verdict be rendered against E.E. Cruz, then E.E. Cruz will be damaged thereby and will be entitled to contribution and/or indemnity, both contractual and common law, from the third-party defendant for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

24. That by reason of the foregoing, the third-party defendant, Malcolm Pirnie, will be liable to the Defendant/Third-Party Plaintiff for the full amount of recovery herein by the plaintiff.

25. In the event that E.E. Cruz is held liable to the plaintiff in this action, then E.E. Cruz demands judgment against Malcolm Pirnie for contractual and common law indemnification and contribution for that amount as is attributed to the carelessness, recklessness, negligence or acts and/or omissions, and breach of duty of the third-party defendant, to Third-Party Plaintiff E.E. Cruz.

WHEREFORE, E.E. Cruz demands judgment over and against third-party defendants URS Corporation and Malcolm Pirnie, for the amount of any verdict or judgment that may be recoverable against E.E. Cruz, in whole or in part, by plaintiff, together with interest, costs, disbursements, and expenses, including, but not limited to, attorneys' fees.

Dated: New York, New York
November 9, 2007

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
Georgia S. Alikakos, Esq. (GSA-7493)
Attorneys for Defendant/Third-Party Plaintiff
E.E. CRUZ & CO., INC.,
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300

4841-1010-6369.1

TO:

Thomas Aljian, Esq. (TA-6464)
PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN
Attorney for Plaintiff – TAP Electrical Contracting Service, Inc.
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
(973) 623-9131 (fax)

Malcolm Pirnie, Inc.
104 Corporate Park Drive
White Plains, New York 10602

URS Corporation
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

4841-1010-6369.1