UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAP ELECTRICAL CONTRACTING SERVICE, INC.,

                              Plaintiff,                    Civil Case No.:
                                                           07-CV-7770 (GD)

        -against-

                                                           **ANSWER TO**
E.E. CRUZ & CO., INC.,                                     **THIRD-PARTY**
                                                           **COMPLAINT**

                              Defendant.
------------------------------------------------------------------X
E.E. CRUZ & CO., INC.,

                        Third-Party Plaintiff,

        -against-

MALCOLM PIRNIE, INC. and
URS CORPORATION,

                        Third-Party Defendants.
------------------------------------------------------------------X

        Third-party defendant, Malcolm Pirnie, Inc. ("MPI"), by its attorneys, Milber Makris
Plousadis & Seiden, LLP, as and for its Answer to the Third-Party Complaint, dated November
9, 2007, states as follows:

        1.      MPI denies having knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph "1" of the Third-Party Complaint.

        2.      MPI denies each and every allegation contained in paragraphs "2" and "4" (there
being no paragraph designated "3") of the Third-Party Complaint except admits that MPI was
and is a domestic business corporation duly organized and existing by virtue of the laws of the
State of New York.

        3.      MPI denies having knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraphs "5", "6" and "7" of the Third-Party Complaint.

4.      MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court.

5.      MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Third-Party Complaint and begs leave to refer to the referenced Summons and Complaint at the time of trial.

6.      MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Third-Party Complaint and begs leave to refer to any and all contracts and/or agreements at the time of trial.

7.      MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Third-Party Complaint.

8.      MPI denies each and every allegation contained in paragraph "12" of the Third-Party Complaint as it pertains or relates to MPI; otherwise MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Third-Party Complaint.

10.     MPI denies each and every allegation contained in paragraphs "14" and "15" of the Third-Party Complaint except admits that MPI entered into a contract and/or agreement with the City of New York acting by and through the Commissioner of the Department of Environmental Protection of the City of New York for the provision of certain services in connection with Capital Project WP-169 and begs leave to refer to said contract and/or agreement for the terms, conditions and scope set forth therein.

2

11.     MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court.

12.     MPI denies each and every allegation contained in paragraph "17" of the Third-Party Complaint as it pertains or relates to MPI; otherwise MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT URS CORPORATION

13.     MPI repeats, reiterates, and realleges each and every response applicable to the allegations set forth in paragraphs "1" through "17" of the Third-Party Complaint above as if fully set forth at length herein in response to paragraph "18" of the Third-Party Complaint.

14.     MPI denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "19", "20" and "21" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MALCOLM PIRNIE

15.     MPI repeats, reiterates, and realleges each and every response applicable to the allegations set forth in paragraphs "1" through "20" of the Third-Party Complaint above as if fully set forth at length herein in response to paragraph "22" of the Third-Party Complaint.

16.     MPI denies each and every allegation contained in paragraphs "23", "24" and "25" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court.

3

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The Third-Party Complaint fails to state a claim upon which relief can be granted against MPI.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. If plaintiff and/or third-party plaintiff sustained any damages as alleged in their Complaints, such damages were caused, aggravated or contributed to by said plaintiff or third-party plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to said plaintiff must be reduced in such proportion and to the extent that the damages complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. All damages sustained by third-party plaintiff as alleged in the Third-Party Complaint, if any, were caused in whole or in part by the culpable conduct, negligence, carelessness, lack of care and/or breach of contract on the part of third-party plaintiff and any recovery against MPI must be diminished in proportion to third-party plaintiff's relative wrongdoing, fault, misfeasance, malfeasance, failure to exercise due care and/or other culpable conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. All damages allegedly sustained by plaintiff and/or third-party plaintiff as alleged in the Complaints, if any, were caused in whole or in part by the culpable conduct, negligence, carelessness, acts, omissions or lack of care of third parties other than MPI.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21.     If any damages were sustained by plaintiff and/or third-party plaintiff as alleged in their Complaints, then plaintiff and third-party plaintiff had prior knowledge of the alleged condition and, in spite of such prior knowledge, plaintiff and third-party plaintiff voluntarily assumed the risks thereof and may not recover for any damages suffered.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

22.     The liability of MPI, if any, to plaintiff and/or third-party plaintiff is limited to its equitable share to be determined in accordance with the relative culpability of all parties contributing to the alleged losses sustained.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

23.     All damages allegedly sustained by plaintiff and/or third-party plaintiff as alleged in their Complaints, if any, were caused in whole or in part by third parties over whom MPI exercised no supervision, direction, control or responsibility.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

24.     Any damages sustained by plaintiff and/or third-party plaintiff were not proximately caused by any acts or omissions of MPI.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

25.     All work performed by MPI was in accordance with the applicable custom and standard in the industry at all relevant times.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

26.     With respect to any alleged breach of contract, the damages sought were not within the contemplation of the parties at the time of the making of the contract and would not naturally result from any breach.

5

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff assumed the risk of loss to its property and is therefore barred from seeking any recovery herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

28.    Any damages sustained by plaintiff and/or third-party plaintiff as alleged in their Complaints were caused by superseding or intervening events.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

29.    Acts and/or omissions of plaintiff were the sole proximate cause of any damages alleged.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

30.    Acts and/or omissions of third-party plaintiff were the sole proximate cause of any damages alleged.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

31.    In the event plaintiff and/or third-party plaintiff recovers a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff and/or third-party plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

32.    Plaintiff waived any and all subrogation rights and is therefore barred from seeking any recovery herein.

6

## AS AND FOR A COUNTERCLAIM AGAINST E.E. CRUZ & CO., INC.

33.    If plaintiff sustained damages as alleged in the Complaint, which damages are expressly denied, then such damages were caused and/or brought about by the negligence, affirmative wrongdoing, misfeasance, malfeasance, fault, failure to exercise due care, breach(es), or other culpable conduct of defendant, E.E. Cruz & Co., Inc., its agents, servants and/or employees, without any active or affirmative negligence on the part of MPI contributing thereto.

34.    By reason of the foregoing, MPI is entitled to indemnification and/or contribution from, and to have judgment over and against E.E. Cruz & Co., Inc. for all or part of any judgment or verdict which may be entered against MPI together with attorneys' fees, the costs and disbursements of this action and/or the costs and disbursements otherwise incurred as a result of a default by the other defendants, and such other and further relief as is just and proper, plus interest.

## AS AND FOR A CROSS-CLAIM AGAINST URS CORPORATION

35.    If plaintiff and/or third-party plaintiff sustained damages as alleged in the Complaints, which damages are expressly denied, then such damages were caused and/or brought about by the negligence, affirmative wrongdoing, misfeasance, malfeasance, fault, failure to exercise due care, breach(es), or other culpable conduct of defendant, URS Corporation, its agents, servants and/or employees, without any active or affirmative negligence on the part of MPI contributing thereto.

36.    By reason of the foregoing, MPI is entitled to indemnification and/or contribution from, and to have judgment over and against URS Corporation for all or part of any judgment or verdict which may be entered against MPI together with attorneys' fees, the costs and disbursements of this action and/or the costs and disbursements otherwise incurred as a result of

7

a default by the other defendants, and such other and further relief as is just and proper, plus interest.

      **WHEREFORE**, Malcolm Pirnie, Inc., demands judgment as follows:

(A)    Dismissing the Third-Party Complaint;

(B)    Granting its Counterclaim and Cross-Claim in full, plus interest;

(C)    Awarding it the costs and disbursements of this action, together with all of its attorneys' fees, plus interest; and

(D)    Awarding it such other and further relief as this Court deems just and proper.

**Dated: White Plains, New York**
**December 27, 2007**

               Respectfully submitted,

               **MILBER MAKRIS PLOUSADIS**
               **& SEIDEN, LLP**

By: _____
               Michael A. Heran (MH0413)
               Attorneys for Third-Party Defendant
               *Malcolm Pirnie, Inc.*
               3 Barker Avenue, 6th Floor
               White Plains, New York 10601
               (914) 681-8700

TO:    **LEWIS BRISBOIS BISGAAD & SMITH, LLP**
        Attorneys for Defendant/Third-Party Plaintiff
        *E.E. Cruz & Co., Inc.*
        199 Water Street, 25th Floor
        New York, New York 10038
        (212) 232-1300

        **PODNEY, MEANOR, CATENACCI, HILDNER,**
        **COCOZIELLO & CHATTMAN**
        Attorneys for Plaintiff
        *TAP Electrical Contracting Services, Inc.*
        One Riverfront Plaza, 8th Floor
        Newark, New Jersey 07102
        (973) 623-1000

**WINSTON & STRAWN LLP**
Attorneys for Third-Party Defendant
***URS Corporation***
200 Park Avenue
New York, New York 10166-4193
(212) 294-6700

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                        ) ss.:
COUNTY OF WESTCHESTER      )

     I, Victoria DeCarlo, being sworn, say, I am not a party to this action, am over 18 years of age, and reside in Westchester County, New York.

     On the 27th day of December 2007, I served a true copy of the within **ANSWER TO THIRD-PARTY COMPLAINT** via regular mail, addressed to the attorney(s) for the respective parties in this action, at the address(es) designated by said attorney(s) for that purpose by depositing true copies of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

TO:    **LEWIS BRISBOIS BISGAAD & SMITH, LLP**
        Attorneys for Defendant/Third-Party Plaintiff
        ***E.E. Cruz & Co., Inc.***
        199 Water Street, 25th Floor
        New York, New York 10038
        (212) 232-1300

        **PODNEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN**
        Attorneys for Plaintiff
        ***TAP Electrical Contracting Services, Inc.***
        One Riverfront Plaza, 8th Floor
        Newark, New Jersey 07102
        (973) 623-1000

        **WINSTON & STRAWN LLP**
        Attorneys for Third-Party Defendant
        ***URS Corporation***
        200 Park Avenue
        New York, New York 10166-4193
        (212) 294-6700

                                                Victoria DeCarlo

Sworn to before me this
27th day of December 2007.

Notary Public

MICHAEL A. HERAN
Notary Public, State of New York
No. 02HE5040531
Qualified in Westchester County
Commission Expires March 13, 20__