UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TAP ELECTRICAL CONTRACTING SERVICE, INC.,

                    Plaintiff,

    against

E.E. CRUZ & COMPANY, INC.,                        Civil Case No: 07 CV 7770
                                                          (GD)

                    Defendants.
-------------------------------------------------------------------X

E.E. CRUZ & COMPANY, INC.,

                    Third-Party Plaintiff,

    against

MALCOLM PRINIE, INC. and URS CORPORATION,

                    Third-Party Defendants,
-------------------------------------------------------------------X
URS CORPORATION - NEW YORK

                    Second Third-Party Plaintiff,

    against

WINSTON SMITH, P.E., P.C.,

                    Second Third-Party Defendant.
-------------------------------------------------------------------X

      Second Third- Party Defendant, WINSTON SMITH, P.E., P.C., ( "Winston Smith" )

through its attorneys, Nicolini, Paradise, Ferretti & Sabella, answering the complaint of Second

Third-Party Plaintiff, URS CORPORATION - NEW YORK, ( "URS") states, upon information

and belief,  as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of those allegations contained in paragraph 46 of the Answer and Second Third-Party Complaint ("Second Third-Party Complaint") of URS.

2. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 47 of the Second Third-Party Complaint.

3. The allegations contained in paragraph 48 of the Second Third-Party Complaint contain conclusions of law and/or Second Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, Winston Smith denies the allegations.

4. The allegations contained in paragraph 49 of the Second Third-Party Complaint contain conclusions of law and/or Second Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, Winston Smith denies the allegations.

5. The allegations contained in paragraph 50 of the Second Third-Party Complaint contain conclusions of law and/or Second Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, Winston Smith denies the allegations.

6. The allegations contained in paragraph 51 of the Second Third-Party Complaint contain conclusions of law and/or Second Third-Party Plaintiff's characterization of its case to which no response is required. To the extent a response is required, Winston Smith denies the allegations.

7. Denies knowledge and/or information sufficient to form a belief as to the allegations in paragraph 52 of the Second Third-Party Complaint.

8.  Admits the allegations in paragraph 53 of the Second Third-Party Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 54 of the Second Third-Party Complaint, except avers, upon information and belief, that a contract was entered into between the City of New York, Department of Environmental Protection ("DEP") and Malcolm Pirnie, Inc. ("MPI") on or about May 24, 2000 ("DEP/MPI Contract") regarding the project known as the "Construction of the Flushing Bay CSO Retention Facility" (the "Project"), and requests leave to refer to said agreement for the terms, conditions, intent and legal meaning thereof at time of trial.

10.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Second Third-Party Complaint.

11.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Second Third-Party Complaint, except avers, upon information and belief that MPI and URS entered into an agreement on or about May 1, 2001 regarding the Project and requests leave to refer to said agreement for its terms, conditions, true intent and meaning at time of trial.

12.  Admits those allegations contained in paragraph 57 of the Second Third-Party Complaint and requests leave to refer to said agreement for its terms, conditions, true intent and legal meaning at the time of trial.

13.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Second Third-Party Complaint, except avers, upon information and belief that the DEP and E.E. Cruz & Company, Inc. ("Cruz") entered into an agreement on or about September 8, 2004 regarding the Project and requests leave to refer to said agreement for its terms, conditions, true intent and meaning at time of trial.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Second Third-Party Complaint, except avers, upon information and belief that the DEP and plaintiff, TAP entered into an agreement on or about September 8, 2004 regarding the Project and requests leave to refer to said agreement for its terms, conditions, true intent and meaning at time of trial.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Second Third-Party Complaint, except avers, upon information and belief , that Cruz installed plywood bulkheads at the end of a sewer line.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Second Third-Party Complaint, except avers, upon information and belief, that Winston Smith inspected some of the work of Cruz on the Project in or abut the period  January through May,  2003, together with others including URS, which was in charge of and responsible for all resident engineering and/or construction inspection services at the relevant location, and to whom Winston Smith reported.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Second Third-Party Complaint, except avers, upon information and belief, that Winston Smith inspected some of the work of Cruz on the Project in or abut the period  January through May,  2003, together with others including URS, which was in charge of and responsible for all resident engineering and/or construction inspection services at the relevant location, and to whom Winston Smith reported.

18. Denies the allegations contained in paragraph 63 of the Second Third-Party Complaint.

19. Denies the allegations contained in paragraph 64 of the Second Third-Party Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Second Third-Party Complaint, except aver, upon information and belief, that a flooding incident occurred at the Project on or about September 8, 2004.

21. Denies information and belief sufficient to form a belief as to the allegations contained in paragraph 66 of the Second Third-Party Complaint.

22. Denies information and belief sufficient to form a belief as to the allegations contained in paragraph 67 of the Second Third-Party Complaint.

ANSWERING THE FIRST CAUSE OF ACTION

23. Repeats, reiterates and incorporates by reference each and every response to paragraphs 1 through 22 of this Second Third-Party Complaint as if more fully set forth herein.

24. Denies any and all liability in the foregoing action and further denies each and every allegation contained in paragraph 69 of the Second Third-Party Complaint including the allegation that URS is entitled to contribution from Winston Smith in the event of a judgment against URS.

25. Denies any liability in the foregoing action and further denies each and every allegation contained in paragraph 70 of the Second Third-Party Complaint including the allegation that URS is entitled to judgment awarding it contribution against Winston Smith in the event of a judgment against URS.

ANSWERING THE SECOND CAUSE OF ACTION

26.  Repeats, reiterates and incorporates by reference each and every response to paragraphs 1 through 25 of the  Second Third-Party Complaint set forth above as if more fully set forth herein.

27.  Denies each and every allegation contained in paragraph 72 of the Second Third-Party Complaint and specifically denies that URS is entitled to indemnification by Winston Smith.

28.  Denies each and every allegation contained in paragraph 73 of the Second Third-Party Complaint and specifically denies that US is entitled to indemnification from Winston Smith for any damages or costs of this action.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.  The Second Third-Party Complaint fails to state a cause of action for which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.  The Second Third-Party Complaint fails to state a cause of action against Winston Smith because the damages alleged were not foreseeable.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.  The Second Third-Party Complaint fails to state of cause of action against Winston Smith because the work performed by Winston Smith conformed to all applicable statutes, government regulations and directives, industry standards and contractual requirements and said conduct comported with the appropriate standard of care and was completed and accepted by DEP,  MPI and URS.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.  Winston Smith did not owe a duty to either URS or TAP as implied in the Second Third-Party Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.  Winston Smith performed its duties under its contract with MPI with the care, skill and diligence required of professional engineers under similar circumstances in the locality in which the work was performed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.  The claims against Winston Smith are barred by the applicable statutes of limitations, statutes of report and/or doctrine of laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.  The damages alleged by Second Third-Party Plaintiff were the result of an independent supervening and/or intervening cause, and any act or omission of Winston Smith was not the proximate cause of the injuries alleged.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.  Second Third-Party Plaintiff's recovery against Winston Smith, if any, is barred or diminished by the doctrine of assumption of risk.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.  Second Third-Party Plaintiff is barred from recovery by the doctrine of contributory negligence as Second-Third Party Plaintiff's own acts or omissions constituted negligence, carelessness, or other culpable conduct which contributed to the alleged damage.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38. Second Third-Party Plaintiff's recovery, if any against Winston Smith is diminished by the doctrine of comparative negligence as Second Third-Party Plaintiff's own acts or omissions constituted negligence, carelessness or other culpable conduct which contributed to the alleged damage.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39. Second Third-Party Plaintiff's claims against Winston Smith are barred by the doctrines of estoppel and waiver.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40. Second Third-Party Plaintiff's damages, if any, were caused by the acts and omissions of intervening third parties over whom Winston Smith had no supervision or control or right of supervision or control.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41. Second Third-Party Plaintiff is barred from recovery on the basis of contractual indemnification in that there is no privity of contract between URS and Winston Smith.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42. Second Third-Party Plaintiff is barred from recovery on the basis of common law indemnification in that Winston Smith owed no common law duty of indemnification to Third-Party Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43. Second Third-Party Plaintiff's damages were caused, if at all, by mechanical defects which did not result from any act or omission of Winston Smith.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44. The Second Third-Party Plaintiff's Complaint was barred by the failure to mitigate its alleged damages.

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

45. The claims against Winston Smith are barred by the doctrine of unclean hands.

AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

46. The claims against Winston Smith are barred in whole or part by contract adjustments, recoupments, setoffs and/or backcharges.

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

47. Winston Smith will rely upon any and all further defense that become available or appear during disclosure in this action and hereby specifically reserves its right to amend its answer for the purpose of asserting any such additional defenses.

AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL DEFENDANTS

48. Winston Smith repeats, reasserts, and realleges each and every allegation contained in paragraphs 1 to 37 of this Answer as if fully set forth herein at length.

49. Should it be determined at the time of trial that some or all of the allegations of Second Third Party Complaint are true such that Winston Smith is held liable, then Winston Smith seeks contribution from all Defendants, and, in the alternative, contends that in the event that proofs developed in disclosure or at trial establish a basis for liability of any other Defendant and/or Third Party Defendants and such Defendants and/or Third Party Defendants enter into a settlement agreement, in whole or in part, with Plaintiff, then Winston Smith asserts a claim for credit reducing the amount of any judgment against Winston Smith to reflect the

degree of fault allocated to the settling Defendant and/or Third Party Defendant or Defendants and/or Third Party Defendants.

50. By reason of the foregoing, Winston Smith demands judgment awarding it contribution against all other Defendants and/or Third Party Defendants for damages and costs.

AS AND FOR A SECOND CROSS-CLAIM AGAINST ALL DEFENDANTS

51. Winston Smith repeats, reasserts, and realleges each and every allegation contained in paragraphs 1 to 40 of this Answer as if fully set forth herein at length.

52. Winston Smith denies any liability whatsoever. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff were the proximate result of the negligence, professional malpractice, breach of contract, breach of warranty, strict liability and/or other liability-producing conduct of other Defendants and/or Third Party Defendants whose conduct was primary and active, and if Winston Smith is found liable with respect to Plaintiff's alleged injuries and damages, such liability is solely secondary, imputed and vicarious, and the other Defendants and/or Third Party Defendants are found liable over the indemnity.

53. By reason of the foregoing, Winston Smith demands judgment awarding it indemnification against all other Defendants and/or Third Party Defendants for damages and costs.

**WHEREFORE**, Winston Smith demands judgment as follows:

A. Dismissing the Amended Second Third Party Complaint.

B. On the First Cross-Claim against all Defendants, full contribution for damages and costs;

C. On the Second Cross-Claim against all Defendants, full indemnification for damages and costs; and

D. For such other relief which is just and proper.

Dated:    Mineola, New York
          February 19, 2008

Respectfully submitted,

Nicolini, Paradise, Ferretti & Sabella

By: _____
        Barbara L. Hall (BLH5191)
114 Old Country Road
Mineola, New York 11501
516 741-6355
Our file: 08-125 BH (c)

TO:    THOMAS ALJIAN, ESQ. (TA 6464)
       PODVEY, MEANOR, CATENACCI
       HILDNER, COCOZIELLO & CHATTMAN
       Attorneys for Plaintiff- TAP
       One Riverfront Plaza, 8th Floor
       Newark, New Jesey 07102

       GEORGIA S. ALIKAKOS (GSA 7493)
       LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
       Attorneys for Defendant, E.E. Cruz & Company
       199 Water Street, 25th Floor
       New York, New York 10038

       MICHAEL A. HERAN, ESQ.
       MILBER, MAKRIS, PLOUSADIS & SEIDEN, LLP
       Attorneys for Third PartyDefendant, Malcolm Pirnie
       3 Barker Avenue, 6th Floor
       White Plains, New York 10601

       KENNETH O'REILLY (KO 0172)
       WINSTON & STRAWN
       Attorneys for Third PartyDefendant/Second Third Party Plaintiff, URS
       200 Park Avenue
       New York, New York 10166

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NASSAU  )

     BARBARA KONEFAL, being duly sworn, deposes and says:

     That your deponent is not a party to this action, is over 18 years of age and resides at Massapequa, New York.

     That on the 19th day of February 2008, deponent served the within: ANSWER TO SECOND THIRD PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS CLAIMS AND NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

upon: THOMAS ALJIAN, ESQ. (TA 6464)
     PODVEY, MEANOR, CATENACCI
     HILDNER, COCOZIELLO & CHATTMAN
     Attorneys for Plaintiff- TAP
     One Riverfront Plaza, 8th Floor
     Newark, New Jesey 07102

     GEORGIA S. ALIKAKOS (GSA 7493)
     LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
     Attorneys for Defendant, E.E. Cruz & Company
     199 Water Street, 25th Floor
     New York, New York 10038

     MICHAEL A. HERAN, ESQ.
     MILBER, MAKRIS, PLOUSADIS & SEIDEN, LLP
     Attorneys for Third Party Defendant, Malcolm Pirnie
     3 Barker Avenue, 6th Floor
     White Plains, New York 10601

     KENNETH O'REILLY (KO 0172)
     WINSTON & STRAWN
     Attorneys for Third Party Defendant/Second Third Party Plaintiff, URS
     200 Park Avenue
     New York, New York 10166

the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                     BARBARA KONEFAL

Sworn to before me this
19th day of February, 2008

CATHERINE FIORITO
Notary Public State of New York
No. 01FI5027865
Qualified in Suffolk County
Commission Expires May 23, 2010